**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AV Media, Pte, Ltd., et al., | ) | No. CIV 06-2412-PHX-SMM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Omnimount Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the parties' Stipulation for Entry of Protective Order (Doc. 83).  Good cause appearing,

**IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order shall govern proceedings in this matter:

**1.     Confidential Information.**  In the course of these proceedings, the parties are likely to exchange documents and information that they deem to be confidential or proprietary ("Confidential Information").  Any party disclosing such information (the "Disclosing Party") to another party in this action (the "Receiving Party") by any means, including deposition testimony, deposition exhibits, responses to interrogatories, responses to requests for admission, responses to requests for production of documents or things, or informally, shall designate the information as Confidential Information in accordance with paragraph 2 below. The sum, substance, or contents of Confidential Information, as well as all notes, abstracts, summaries, and memoranda containing or incorporating Confidential Information, shall be treated as if they were themselves Confidential Information and shall not be disclosed or made accessible to anyone other than those persons who qualify to receive such information under this Order, provided, however, that nothing in this Order shall preclude any party from

attending a deposition or court proceeding except those portions of any deposition or court proceeding where Confidential Information designated "CONFIDENTIAL-ATTORNEYS ONLY" is identified and discussed, in which event only those parties who are Qualified Persons, as later defined, may attend.  This Order does not address the use at trial of Confidential Information.  The use of Confidential Information at trial shall be governed, if at all, by further Order.

     **2.**     **Designation of Confidential Information**.  Any party or third party disclosing Confidential Information shall designate the information as Confidential Information in the following manner:

     a.     All documents and items produced that contain any Confidential Information shall be labeled either "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS ONLY."  This label shall be placed on every page of each document so designated.

     b.     With respect to depositions, any party may designate a deposition transcript or a deposition exhibit (not previously designated as such) as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS ONLY" with a statement to such effect on the record during the course of the deposition.  Whenever such a designation is made during a deposition, the transcripts and designated exhibits from the deposition shall be deemed Confidential Information for ten (10) business days after receipt of a copy of the deposition transcript and exhibits by counsel of record for the designating party.  Within that ten (10) day period, the designating party shall designate by page and line description or exhibit description those specific portions of the transcript or exhibits that shall be deemed "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS ONLY" and provide such designations to the other party. If no such specific designations are made within the ten (10) day period, the transcript or exhibits from the deposition shall be deemed not to contain Confidential Information as that

term is used in this Order.  If portions of the transcript or exhibits are designated, pursuant to this paragraph, as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS ONLY," a confidentiality legend shall be placed on the original and each copy of the designated exhibits and each designated page of the transcript containing Confidential Information.

**3.**     **Purpose of Classifications.**  The designation:

(a)  "CONFIDENTIAL - ATTORNEYS ONLY" means that the Disclosing Party contends that: (a) the information lends it a competitive advantage over others who do not know or possess such information, and is not generally known to competitors or to others in the party's trade or business, and (b) the Disclosing Party has taken reasonable steps to protect the confidentiality of the information.  The term also refers to information that the Disclosing Party contends in good faith would create an appreciable risk of material harm (including, without limitation, harm to tax privacy interests) to the Disclosing Party or to someone who works for or is related to someone who works for the Disclosing Party if it were disclosed without the protection of this order.

(b) "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" is for information as to which the Disclosing Party contends there are good faith, legitimate, non-litigation business reasons for placing limits on its distribution and access.

**4.**     **Experts.**  "Expert" means any person retained or specially employed by any party in anticipation of this litigation or preparation for trial, whether or not the person is expected to be called as a witness at trial.

**5.**     **Restrictions on Disclosure of Confidential Information.**

a.     Confidential Information disclosed by a Disclosing Party and designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" may be disclosed by the Receiving Party only to the following persons (the "Qualified Person[s]"):

1.     Outside counsel of record for any party, including all attorneys

-3-

of the counsel's law firm and all paralegal assistants, stenographic and clerical employees operating under the direct supervision of such attorneys;

2.      Court personnel, including stenographic reporters and certified videotape operators, engaged in those proceedings that are a necessary incident to the trial or preparation of this action for trial;

3.      The parties and the parties' employees, provided that such employees shall be bound by the terms of this Order with respect to such Confidential Information;

4.      A deposition witness.  Such witness shall be bound by the terms of this Order with respect to such Confidential Information so long as the party claiming confidentiality notifies the witness and promptly provides the witness with a copy of this Order; in such circumstances, the deposition witness shall not be permitted to remove any copies of Confidential Information from the deposition;

5.      Translators.  Translators will be bound by the terms of this Order with respect to such Confidential Information, and any party showing a document or transcript to a translator containing Confidential Information designated by an opposing party shall so notify the translator at the time such Confidential Information is provided to the translator and shall give the translator a copy of this Order; and

6.      Such other persons as may be properly qualified to receive Confidential Information pursuant to later order of this Court or the provisions of paragraph 6 below.

b.      C o n f i d e n t i a l   I n f o r m a t i o n   d e s i g n a t e d   a s "CONFIDENTIAL-ATTORNEYS ONLY" shall be disclosed only to (i) those persons described in paragraph 5(a)(1), 5(a)(2), 5(a)(4), 5(a)(5), and 5(a)(6) of this Order; (ii) Kevin Donnelly or one other officer, employee, or agent of defendant who is essential in assisting in the preparation of, or wholly or partially responsible for making decisions concerning the

-4-

conduct of, this action, and whose receipt of such information has been approved by all other parties or by the Court; (iii) Daniel McCarthy or one other officer, employee, or agent of plaintiffs who is essential in assisting in the preparation of, or wholly or partially responsible for making decisions concerning the conduct of, this action, and whose receipt of such information has been approved by all other parties or by the Court.

Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client, and in the course thereof, relying generally on his or her examination, evaluation, and understanding of Confidential Information designated as "CONFIDENTIAL-ATTORNEYS ONLY," provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not disclose any "CONFIDENTIAL-ATTORNEYS ONLY" information.

**6.     Experts as Qualified Persons.**

a.     Experts may become Qualified Persons under this Order if such Expert executes a copy of the accompanying statement (Exhibit A) stating that such person has read this Order, agrees to be bound by all of its terms and conditions, and agrees to be subject to this Court's jurisdiction.

b.     Nothing in this Order shall constitute or be deemed to constitute a waiver or establishment of any right under Federal Rule of Civil Procedure 26 or otherwise to subject any Expert to discovery or depositions.

**7.     Restrictions on Use of Confidential Information.**     All Confidential Information produced during discovery may be used solely for purposes of this litigation or for evaluating and making additional claims against existing parties or third parties. Confidential Information may also be used by a Receiving Party to comply with legal obligations, but if such compliance requires the disclosure of Confidential Information to a third party who is not a Qualified Person, the party who seeks to disclose such information shall provide reasonable advanced notice of such intended disclosure to the party who

designated the information as Confidential Information.  If the Disclosing Party provides written objections to such disclosure of Confidential Information, the Receiving Party shall not disclose the Confidential Information absent Court approval.  Confidential Information produced during discovery shall not otherwise be disclosed to or made accessible to any person who is not a Qualified Person without a court order or the prior written consent of the party or other person originally causing the document or documents containing such information to be identified as confidential.

       **8.**     **Filing.**  If Confidential Information is filed with the Court, it shall be filed under seal and shall remain sealed while in the office of the Clerk so long as it retains its status as Confidential Information.  In accordance with Part II, Section I of the Administrative Procedures Manual, sealed documents should be filed in paper form only.  Any document filed under seal pursuant to this Order shall be placed in an opaque, sealed envelope upon which the title of the action, the contents and a statement in substantially the following form shall be endorsed:

                  CONFIDENTIAL:  This envelope contains sealed documents

                  that are subject to a protective order entered by the Court in this

                  action governing use of confidential discovery material.

Any motion, pleading, memorandum, or other application to the Court to which Confidential Information is attached as exhibits or appendices, or that quote from Confidential Information, shall be filed under seal.

       **9.**     **Responses to Interrogatories and Requests for Admissions.**  If responses to discovery requests are filed with the Court and have been designated as Confidential Information, such responses shall be filed under seal as provided in paragraph 8 of this Order.

       **10.**    **Objections to Designations of Confidential Information.**  Should any party to whom Confidential Information is disclosed at any time object to such designation (the "Objecting Party") and should it be unable to resolve the matter informally with the

-6-

Disclosing Party, the party refusing to remove the confidentiality designation must submit the dispute to the Court for resolution by way of formal motion for a protective order within ten (10) days of receipt of a written demand by the Objecting Party.  Until the motion is ruled upon by the Court, the information designated by the Disclosing Party shall retain its designation and thereafter shall be designated as the Court's ruling may direct.  On any motion brought before the Court, the burden of proof and persuasion shall be on the party asserting confidentiality to demonstrate that the information should be protected from disclosure.  Failure by the party refusing to remove the confidential designation to submit the matter to the Court within the ten-day period described above shall be deemed to be acquiescence to the objection and a waiver of the confidentiality designation.

**11.    Inadvertent Non-Designation.**  The failure of a party to designate information produced in discovery as Confidential Information at the time of its production shall not preclude that party from later designating the information as confidential by promptly notifying counsel of record of that designation, provided, however, that the disclosure of such document by any other party prior to such later designation shall not be deemed a violation of this Order.  The failure of any party to challenge the designation of information as Confidential Information at the time of its disclosure shall not be deemed a waiver of its right to challenge the propriety of such designation at a later time.

**12.    List of Qualified Persons.**  Counsel of record shall maintain a list of the names of all non-testifying consulting experts to whom Confidential Information has been disclosed by such counsel.  After the conclusion of this litigation, including exhaustion of all rights of appeal or review, counsel of record shall deliver this list to opposing counsel of record upon written request.

**13.    Termination of Action.**  Upon the final determination of this action, whether by trial, appeal, settlement or other disposition, counsel of record for each party who has received any Confidential Information produced in discovery in this action shall assemble and

-7-

return to the Disclosing Party all such confidential materials, including copies that are in the possession of any Qualified Person and all copies retained on computer tapes, diskettes or other electronic media, within sixty (60) days of the final determination. At the option of the counsel of record for each party that received Confidential Information, the materials and information may be destroyed in lieu of returning them to the Disclosing Party as long as counsel of record certify in writing that all such materials and information have been destroyed. Notwithstanding the foregoing, all materials constituting the work product of counsel of record that contain Confidential Information obtained from any other party may be retained by that counsel so long as the Confidential Information is kept confidential.

14.   **New Parties.**   In the event additional individuals or entities become parties to this litigation, they shall not have access to, nor shall any existing party produce to them, any confidential documents until the newly added parties, by counsel, have signed and filed a stipulation agreeing to be bound by this Order or until a further order is entered permitting them to have access to such documents.

15.   **Continuing Jurisdiction.**   This Court retains jurisdiction to amend, modify or add to this Order. Any party may apply to the Court for amendment or modification of or addition to this Order at any time, or for any other order authorized by Fed. R. Civ. P. 26 (c).

16.   **Scope of Order.**   Any non-party to this action who shall be called upon to make discovery or to provide deposition or other testimony shall be entitled to avail itself of the provisions and protections of this Order only with the written consent of the party seeking such discovery and the signing of an agreement to be bound by this Order, and, by doing so, assumes the duties and obligations imposed by this Order.

17.   **Survival of Order.**   This Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings to provide the Court with ancillary jurisdiction to enforce and to ensure compliance with its terms.

-8-

**18.    Order is not Evidence.**  The Court is entering this Order to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS ONLY", nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**19.    Inadvertently Produced Information.**  The inadvertent production of information, or the inadvertent failure to designate such information as Confidential Information, will not be deemed to constitute a waiver of any common law or statutory attorney-client privilege, work-product immunity, or any other privilege or immunity that would otherwise attach to such information.  Upon the assertion of a claim of privilege or immunity as to information that has already been produced, the party who has received the information shall promptly return it or, alternatively, sequester it until the claim is resolved. Any party may promptly present the information to the Court under seal for a determination of the claim, in which event the party making the claim of privilege or immunity shall have the burden of proof and persuasion.

**20.    Information Already Known.**  The restrictions of this order shall not apply to information that:

(A)    at or before production, is or was in the public knowledge;

(B)    after production, becomes public knowledge other than by act or omission of the Receiving Party;

(C)    was or is obtained from a source or sources other than the party who designated the information as confidential, provided that the Receiving Party did not obtain the information (1) by violating a duty owed to the Disclosing Party or (2) by knowingly assisting or encouraging a third party to violate a duty that the Receiving Party knew was owed by the third party to the Disclosing Party at the time the Receiving Party obtained the information; or

-9-

(D)    the Receiving Party possessed before the commencement of this action.

Accordingly,

**IT IS HEREBY ORDERED** that the foregoing protective order shall govern the discovery in the pending matter.

**DATED** this 28th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge

-10-