WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AV Media, Pte, Ltd., et al., | ) | No. CIV 06-2412-PHX-SMM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| OmniMount Systems, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are Plaintiff AV Media's Motion for Instructions (Doc. 91), Defendant OmniMount Systems, Inc.'s Response to that motion (Doc. 102), and OmniMount's Motion for Certified Deletion of Stolen Data (Doc. 102).[1]

The facts giving rise to the dispute had their origin in two of Plaintiffs' employees' unlawful intrusion into one of Defendant's private email accounts and extraction of the information from the account. The employees' conduct clearly implicates 18 U.S.C. § 1031(g). Despite the improper and unlawful conduct by the employees, Plaintiffs argue that some form of sequestration of the emails is merited based on the supposition that Defendant may change or alter the documents if they are returned. Other than mere suspicion, Plaintiffs'

---

[1] Parties are advised that all documents filed with this Court must comply with **all** Federal and Local Rules. Specifically, parties are cautioned to adhere to the specific font size requirements (13 font-including footnotes pursuant to Proposed LRCiv 7.1(b)(1)), page limitations, and to limit their footnotes to no longer than 5 lines. LRCiv 7.2(e). In the event the Court receives any further filings that do not comply with the Rules, the Court will strike the documents from the record.

supposition lacks any factual predicate or reasonable support. Moreover, it should be noted that after the unlawful intrusion and interception, Plaintiffs altered their own hard drives. Thus, it is ironic that the wrongful interceptors are now forecasting foul play by others. One can only wonder why? But the answer to that question, as well as any spoilation issues, will be left for another day. Defendant is correct in its demand for return of the documents.

It is essential, however, that the returned documents, which must include any additions, modifications, or comments of the Plaintiffs must be preserved in the event they provide clues or evidence to unraveling this plot or future intrigue.

**IT IS HEREBY ORDERED GRANTING** OmniMount's Motion for Certified Deletion of Stolen Data (Doc. 102) and that the referenced documents be transferred in accordance with the terms of this Order.

**IT IS FURTHER ORDERED DENYING** Plaintiff AV Media's Motion for Instructions (Doc. 91).

DATED this 30th day of April, 2007.

Stephen M. McNamee
United States District Judge