**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AV Media, Pte, Ltd., et al., ) | No. CIV 06-2412-PHX-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) |  |
| OmniMount Systems, Inc., ) |  |
| Defendant. ) |  |

Currently pending before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 189) and Defendant's Motion to File a Surreply in opposition thereto (Doc. 198).

Critical to the determination of these motions is the background of this case. Plaintiffs filed their original Complaint on June 16, 2006, asserting claims on behalf of four separate entities, including Gallop. In the intervening 16 months, the parties have, among other things, argued the propriety of transfer from the Northern District of California, exchanged approximately 160,000 documents in discovery, served and responded to interrogatories, engaged in one round of *forum non conveniens* briefing, served subpoenas on non-parties, and briefed discovery issues for this Court. Despite filing an Amended Complaint in February 2007, Plaintiffs took no steps to eliminate Gallop's claims at that point. Furthermore, Plaintiffs made no attempt to address any issues pertaining to Gallop remaining in the case

until well after OmniMount noticed the deposition of Plaintiffs' principal, Sunny Tan, and served six interrogatories on Gallop. The Court is unclear as to the reason for Plaintiffs' decision to abandon Gallop's claims at this particular point in the litigation.

According to Defendants, the following is a recap of its efforts at obtaining discovery responses from Gallop.

On September 12, 2007, OmniMount first requested dates for Sunny Tan's deposition between November 5 and the end of the year. [Letter from J. Smith to K. Berman (9/10/07)].

On September 14, 2007, OmniMount served six interrogatories on Gallop.

On October 10, 2007, not having received any proposed dates for Mr. Tan's deposition, OmniMount again requests dates for that proceeding. [E-mail from J. Smith to K. Berman (10/10/07)]

On October 11, 2007, Plaintiffs' counsel requests (and receives from OmniMount's counsel) **a four-week extension** to respond to six interrogatories to Gallop, providing Plaintiffs more than 60 days to prepare responses. [E-mail from J. Persky to J. Smith (10/11/07)]

On October 18, 2007, **36 days** after OmniMount's initial request, Plaintiffs offered to make Mr. Tan available for deposition on December 12, 13, and 14, 2007. [E-mail from K. Berman to J. Smith (10/18/07)]

On October 29, 2007, Plaintiffs' counsel first disclosed their desire to file a second amended complaint to eliminate Gallop as a party. [E-mail from K. Berman to J. Smith (10/29/07)] This is more than 16 months after plaintiffs commenced the litigation and well after substantial written discovery has occurred. If not for the extension granted earlier by OmniMount, Gallop's responses to six interrogatories would have been due 11 days earlier.

On November 6, 2007, **55 days after OmniMount's initial request**, Plaintiffs disclosed for the first time that Mr. Tan wants a Mandarin/English interpreter available for his deposition. [E-mail from K. Berman to J. Smith (11/6/07)] This is despite the fact that

Plaintiffs produced thousands of e-mails to and from Mr. Tan in English, produced several recordings of conversations in which Mr. Tan speaks English, and provided a declaration and interrogatory responses in English verified by Mr. Tan under oath.

On November 16, 2007, Plaintiffs responded to OmniMount's interrogatories to Gallop **by objecting to every interrogatory** on the ground that Gallop intends to withdraw its claims.

On November 21, 2007, Plaintiffs filed the pending Second Motion to Amend Complaint which was followed by a Response, Reply, a Motion to File a Surreply, and an Objection to the Motion to File a Surreply.

In sum, OmniMount served several interrogatories on Gallop, and thereafter, Plaintiffs requested and obtained a one-month extension to respond. After obtaining that extension, Plaintiffs then refused to provide any substantive responses to the interrogatories. The delay occasioned by the extension meant that OmniMount would not have time to obtain the information requested in those interrogatories prior to Mr. Tan's December 12th deposition. Thus, even if OmniMount decided to use more of the limited number of general interrogatories to request that same information on November 17, the day after Gallop "responded" to the interrogatories, OmniMount would not receive the responsive information in due time for Mr. Tan's deposition.

The Court finds that such conduct is not only dilatory in effect, but also significantly prejudicial to Defendants. Essentially, whether deliberate or not, Plaintiffs' conduct as it pertains to discovery involving Gallop, has hindered Defendant's ability to use discovery most effectively and to efficiently manage its litigation strategy.

At this stage of litigation, after OmniMount has answered two complaints, substantial discovery having occurred, and briefing occurring on various issues, Gallop may not cease involvement merely by amending the Complaint again, particularly considering the expense OmniMount has incurred in investigating Gallop's claims, as well as Gallop's relationship to

the other parties in this litigation. Rather the Court agrees with Defendants that the appropriate procedure is dismissal under Federal Rule of Civil Procedure 41(a). Moreover, the dismissal will be conditioned upon Gallop responding to the long-pending discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion to Amend Complaint (Doc. 189) is **DENIED** to the extent that Plaintiffs are not permitted to file a Second Amended Complaint. It is **GRANTED** to the extent that it will be considered a motion filed pursuant to Rule 41(a), and Gallop will be dismissed from the case with prejudice subsequent to Gallop filing responses to the September 14, 2007 interrogatories.

**IT IS FURTHER ORDERED** that Defendant's Motion to file a Surreply (Doc. 198) is hereby **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Gallop shall, no later than **January 11, 2008,** respond substantively to the interrogatories served by Defendant on September 14, 2007.

DATED this 26th day of December, 2007.

_____
Stephen M. McNamee
United States District Judge