WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AV Media, Pte, Ltd., et al., | ) | No. CIV 06-2412-PHX-SMM |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Omnimount Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the Court is the request of the parties to schedule a discovery hearing in order for the Court to once again resolve various discovery disputes that have arisen in this case. After considering the parties' briefs, the Court finds that oral argument is unnecessary in most instances.

The Court previously held a discovery hearing wherein counsel had an opportunity to raise issues necessary to the efficient resolution of this case. Since then, however, a plethora of issues, similar to the genre to the prior disputes, have arisen. Moreover, the Court has found it necessary to appoint a special master.[1]

The Court will first address the issues raised by Defendant:

(1)    <u>Reconvening the Deposition of Sunny Tan</u>:  the Court finds that Defendants have

---

[1] The Court notes that disputes between counsel have become the rule rather than the exception, contrary to the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Arizona. Counsel are cautioned that while they are bickering over discovery, the time for conducting discovery may expire leaving the parties scant evidence to pursue their claims.

established that additional time is both justified and necessary to the effective resolution of several issues. Therefore, Plaintiffs must make Mr. Tan available to Defendants in **Phoenix**, for a deposition, the duration no longer than 5 hours. Therefore, the request will be **GRANTED** in favor of Defendant.

(2) <u>AV Media's Financial Statements</u>: the Court finds that this information is essential to evaluating the alleged harm that occurred arising from Omnimount's alleged wrongdoing. Therefore, Plaintiffs must produce the documents to Defendants. Therefore, the request will be **GRANTED** in favor of Defendant.

(3) <u>Eileen Goh Deposition</u>: the Court finds that Ms. Goh is in fact a "managing agent"of AV Media and thus is required to be made available for deposition here in Phoenix. The deposition may exceed the presumptive time limit as did those of the other managing agents, not to exceed eighteen hours. Therefore, the request will be **GRANTED** in favor of Defendant.

Next, the Court will address several of the issues[2] raised by Plaintiffs:

(1) <u>Temporary 10% discount</u>: the Court finds that Plaintiffs have not established that the documents requested are not essential to developing or proving a claim in its case. The request by Defendants for a 10% discount does not equate to "proof of a misrepresentation" thereby demonstrating that Defendant and Yi Feng "plotted to structure a transaction by which Yi Feng could become a large creditor of KSM-China." Therefore Plaintiffs' request is **DENIED**.

(2) <u>OmniMount's establishment of a July 31, 2006 cut-off date</u>: the Court finds that documents pertaining to Shim Chia are relevant to Plaintiffs' claims, and Defendant has not demonstrated why the establishment of a July 31, 2006 cut-off date is reasonable. Therefore, Defendant is to provide Plaintiffs with the documents requested in Plaintiffs' Second R.34

---

[2] The issues raised in the table, but not elaborated on, will not be addressed in this Order as the Court has nothing to base its decision upon.

Request (3312-21, 31).

(3)     <u>Establishment of a New Supply Chain</u>: the Court finds that Plaintiffs have failed to establish how the information sought is relevant.  The relationship between the reasons for transitioning and the level of ease or difficulty associated with transitioning to a new supply chain and Plaintiffs' allegation that Defendant was "determined to destroy plaintiffs' manufacturing capability to eliminate plaintiffs as a source of supply for Omnimount's competitors" is tenuous at best.  Therefore, Plaintiffs' request is **DENIED**.

(4)     <u>Communications between key actors</u>: the Court finds that Plaintiffs have failed to establish with sufficient specificity how the information sought is relevant.  Therefore, Plaintiffs' request is **DENIED**

(5)     <u>Omnimountasia and CPR</u>: the Court finds that Plaintiffs have failed to establish with sufficient specificity how the information sought is relevant.  Therefore, Plaintiffs' request is **DENIED**

(6)     <u>Non-production and suspected under-production of documents from certain OmniMount custodians</u>: the Court finds that Plaintiffs have failed to establish with sufficient specificity how the information sought is relevant.  Furthermore, Plaintiffs have failed to provide the Court with a basis for its suspicion of underproduction of documents from email boxes of Mr. Nakano and Ms. Jacobs.  Therefore, Plaintiffs' request is **DENIED** on the basis that it is speculative.

(7)     <u>Whereabouts of key OmniMount personnel</u>: the Court finds that given the recurring issue of forum non conveniens and choice of law raised by Omnimount, the geographical whereabouts of "key Omnimount personnel"are relevant to this case.  However, without providing the necessary information regarding key Omnimount personnel, Omnimount will not have the requisite indicia to proceed with such an argument. Such is Omnimount's decision to make.  The Plaintiffs have selected the District of Arizona as its forum and the Defendant's plea that it has a scattered work force-without more-leaves the Defendants

without support for their claim. Therefore, Plaintiffs' request is **DENIED**.

**IT IS HEREBY ORDERED DENYING** the parties' request for a discovery hearing before the Court.

**IT IS FURTHER ORDERED** that all relief granted by the Court must be completed by **March 14, 2008.**

**IT IS FURTHER ORDERED**  that counsel shall reconvene by **March 5, 2008**, to discuss each of the remaining issues in Plaintiffs' table of issues (Doc. 218), as well as the remaining issue raised by Defendant (Documents Re: Specific Third Party)(Doc. 219), in order to attempt to resolve the issues without the assistance of the Court.

DATED this 13th day of February, 2008.

Stephen M. McNamee
United States District Judge